UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMETT QUINCY ASHFORD,

       Plaintiff,                                Case No. 09-11273
                                                      HON. BERNARD A. FRIEDMAN

vs.

DETROIT TRANSPORTATION
CORPORATION, et al.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**I.     Introduction**

This case was previously before the Court, Case No. 08-11477, with the same claims as Plaintiff brings in the present matter. It was dismissed pursuant to Fed. R. Civ. P. 4(m) due to Plaintiff's failure to properly serve Defendants with process. Plaintiff's refiled claims are now before the Court. Defendants bring the present motion seeking dismissal pursuant to Fed. R. Civ. P. 4 and 28 U.S.C. § 2617(c), arguing that Plaintiff did not properly serve Defendants and that Plaintiff failed to file his lawsuit within the statute of limitations.

**II.    Analysis**

Plaintiff filed his *pro se* Complaint in this matter against Defendants Detroit Transportation Corp. a/k/a Detroit People Mover ("DTC"), Ernie Latham, Parnell Williams and Barbara Hansen on April 6, 2009. Plaintiff's Complaint alleges violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

Plaintiff sent the Complaint by registered mail to the offices of DTC. None of the individual Defendants personally signed for the Complaint, and none authorized someone to sign on their behalf. Defendants contend that Plaintiff failed to properly effectuate service on Defendants. Defendants argue that a corporation cannot be served through the use of registered mail, that the individual defendants did not personally sign for Plaintiff's registered mailing, and that Plaintiff failed to file signed returned receipts with the Court.

Federal Rule of Civil Procedure 4(h)(1) states:

> **(h) Serving a Corporation, Partnership, or Association**. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant;

Rule 4(e)(1), referenced in Rule 4(h)(1)(A) states:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;

Michigan law allows service on a corporation "by serving a summons and a copy of the complaint on an officer or the resident agent personally or, alternatively, by serving a summons

and a copy of the complaint on a director, trustee or person in charge of the office as well as sending a summons and a copy of the complaint by registered mail." Vasher v. Kabacinski, 2007 WL 295006, *2 (E.D.Mich.2007).   Thus, Plaintiff's service of the summons and complaint on DTC by registered mail only, without additional personal service, was not proper under Michigan law.  Defendants' Motion to Dismiss DTC is granted.

Defendants also argue that the individual Defendants were not properly served.  The individual defendants attached declarations to their motion stating that they did not sign for or accept the registered mailing and did not authorize an agent to sign for or accept the registered mailing on their behalf. While individual defendants may be served through the use of registered mail, Defendants argue that service is not made until "the defendant acknowledges receipt of the mail" and "[a] copy of the return receipt signed by the defendant [is] attached to proof showing service under subrule (A)(2)."

Michigan Court Rule 2.105 Process; Manner of Service states:

**(A) Individuals.** Process may be served on a resident or nonresident individual by

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105.

Here, there is no indication that Plaintiff complied with the manner of service dictated by Michigan Court Rule 2.105.  It does not appear that delivery was restricted to the addressee, or

that a return receipt was requested.  Plaintiff has not attached a return receipt, instead attaching only an internet printout of a track and confirm statement, which states that delivery was accomplished.  It does not, however, state to whom such delivery was made or whether such person was a restricted addressee.  In addition, Plaintiff has failed to attach a copy of a return receipt signed by the Defendant.  The individual Defendants' motion to dismiss is granted.

Plaintiff's Complaint was filed April 6, 2009.  Under Fed. R. Civ. . 4(m), Plaintiff had 120 days to serve Defendants with process.  Accordingly, the time within which Plaintiff may correct the above defects has expired.

Defendants' arguments regarding the statute of limitations need not be addressed, as they are now moot

### III.    Order

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss is GRANTED.


s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated:  January 28, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2010, by electronic and/or ordinary mail on Emmett Ashford.

s/Felicia Moses for Carol Mullins
Case Manager